IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LONZA J. ADAMS, JR., #1204268 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv173 |
| TIMOTHY SIMMONS, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Lonza J. Adams, Jr., a prisoner confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on October 26, 2009. On June 22, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Administrator Ginger Lively, Warden Timothy Lester and Nurse Tara Patton testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

The Plaintiff is legally blind. He alleged that the Defendants have subjected him to deliberate indifference and discrimination in violation of the Eighth and Fourteenth Amendments and have violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). He testified that he has experienced problems in several areas because he is legally blind, but his most significant problem concerns getting an education. He would like to get a G.E.D. and then go on to college, but he has not received assistance at the Polunsky Unit in order to pass the required classes before taking the G.E.D. exam. He was previously confined at the Central Unit. An aide was assigned to assist him there, and he did very well in his classes. The aide, for example, could read test questions to him, and he could dictate his answers to him. The Plaintiff was then transferred to the Polunsky Unit because it was purportedly better suited for handicapped inmates. An aide has not been assigned to help him with his school work at the Polunsky Unit.

The Plaintiff sued Mr. McWhorter, his Education Case Manager, because he failed to investigate the matter and failed to provide adequate assistance and/or adoptive aids for the purpose of assisting him. The Plaintiff asked him for an extended time to take tests or a visual interpreter, but McWhorter told him there was nothing else that the Windham School District could provide.

The Plaintiff sued Law Library Supervisor McKee because he did not provide him with any help regarding the research of legal matters and preparation of legal documents. He asserted that an aide would be best, but having Braille books or large print books would help.

The Plaintiff sued American Disability System ("ADS") Case Manager Crawford because she was responsible for providing adaptive aids to him and failed to do so. He acknowledged that he received a cane and a magnifying glass. He stated that the cane was helpful, but the magnifying glass gave him headaches. She did not provide any assistance with education or the law library.

2

The Plaintiff testified that he sued Warden Timothy Simmons because he is the person in charge of the unit and responsible for providing for his needs. He sued Unit Classification Chief Mark Duff for failing to investigate his situation and failing to provide assistance.

Title II of the ADA, which applies to state prison inmates, prohibits a "public entity" from discriminating against a qualified individual with a disability "by reason of" that disability. *Penn. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998). Legally blind individuals may bring claims under the ADA and RA against state agencies for failing to accommodate their disabilities. *Miller v. Texas Tech University Health Sciences Center*, 421 F.3d 342 (5th Cir. 2005). In particular, blind inmates may have a basis for a meritorious claim against law library supervisors for failing to provide assistance. *See Cole v. Velasquez*, 67 Fed. Appx. 252 (5th Cir. 2002) (reversing a district court decision dismissing an ADA claim by a legally blind inmate against a law library supervisor at the Estelle Unit). The Plaintiff had direct dealings with Defendants McWhorter, McKee and Crawford, who allegedly failed to accommodate his needs. He should be permitted to proceed with his claims against them.

The Plaintiff sued Warden Simmons and Unit Classification Chief Duff because they hold supervisory positions. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Neither individual participated in the alleged acts of misconduct. They were sued because of their supervisory roles, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of

3

the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied. The claims against Warden Simmons and Unit Classification Chief Duff fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the Plaintiff may proceed with his claims against Defendants McWhorter, McKee and Crawford. It is further

**ORDERED** that the Plaintiff's claims against Timothy Simmons and Mark Duff are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **22** day of **June, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE